' Kirkpatrick, C. J.
— Was of opinion, that the true construction of the act was, that the Chosen Freeholders were to be appointed from the township through which the road run, with the single exception mentioned in the act; and that as the act had not been pursued, he thought, in this case, a certiorari ought to be allowed.
Rossell, J.
— From the whole view of the subject, was of opinion, against the certiorari.
Pennington, J.
— It is evidently the intention of the maker of the act, that the proceedings should not be removed by certiorari, although the prohibition is obscurely expressed; but he would not say but that a case might arise where it would be proper for this Court to interpose. For instance, the extreme case put by Mr. Stockton. The allowance of a certiorari to a special jurisdiction, is in the sound discretion of the Court; and he was not sure that the Common Pleas had done -wrong. He inclined to the construction given by the Chief Justice to this clause of the act. But it was certainly obscurely worded; he admitted, that statutes could not be recommendatory; they were simple commands; you shall, or you shall not. But when statutes are ambiguously worded, it is the duty of the Court to search for the motive and intention of the Legislature. It has shut out the case of interest; and he had no doubt that if this case of bias had been put to it, it would also have done the same thing in this case too. In any view of the subject, he could not think it such a case, taken altogether, as to call for the extraordinary interposition of this Court.
Certiorari disallowed.*

[*] * Another case of an application for a certiorari under this act; was considered and rejected this term, on the ground of inexpediency, by the whole Court.